Meegan B. Brooks (CA 298570)
Michael D. Meuti (CA 227939)
Benesch, Friedlander, Coplan & Aronoff LLP
100 Pine Street, Suite 3100
San Francisco, California 94111
Telephone:   628.600.2250
Facsimile:    628.221.5828
mbrooks@beneschlaw.com
mmeuti@beneschlaw.com

Attorneys for Defendants
Hismile, Inc. and Hismile Pty Ltd.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDER LEDESMA and HELEN TANAKA, LARRY JONES, and CHRISTOPHER DEUEL individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>HISMILE, INC. and HISMILE PTY LTD.,<br><br>Defendants. | Case No. 4:24-cv-03626-KAW<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO STRIKE PLAINTIFFS' NATIONWIDE CLASS ALLEGATIONS AND CLAIMS FOR INJUNCTIVE RELIEF; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:           March 20, 2025<br>Time:          1:30 p.m.<br>Courtroom:   TBD<br><br>Complaint Filed:      June 14, 2024 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT**, on March 20, 2025, at 1:30 p.m., or as soon thereafter as the matter may be heard before the Honorable Kandis A. Westmore of the United States District Court for the Northern District of California via Zoom, in the United States Courthouse, 1301 Clay Street, Oakland, CA 94612, Defendants Hismile, Inc. ("HI") and Hismile Pty Ltd. ("HPL") (collectively, "Hismile") will and hereby does move this Court for an order dismissing the First Amended Class Action Complaint ("Complaint" or "FAC") for failure to state a claim under Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), and 12(f). Defendants move for an order striking the class allegations in the FAC filed by Plaintiffs Alexander Ledesma, Helen Tanaka, Larry Jones, and Christopher Deuel ("Plaintiffs") concerning out-of-state claims where Plaintiffs did not purchase the Hismile products at issue.

Pursuant to Rule 12(b)(1), this Court lacks jurisdiction over Hismile with respect to the claims of absent class members who live and purchased goods outside of California.

The Court should also strike Plaintiffs' nationwide claims for two additional reasons. First, pursuant to Rule 12(b)(2), the Court lacks personal jurisdiction over claims from out-of-state shoppers, because neither HI nor HPL is "at home" in California. Additionally, where, as here, the Court would have to apply the laws of more than a few states, class litigation would not be manageable; the overbroad class claims should therefore also be stricken under Rule 23. This motion is based upon this notice, the accompanying memorandum of points and authorities and exhibits thereto, the papers on file in this action, and on such other and further matters as may be presented at or before the hearing on this motion.

Dated: December 16, 2024

Respectfully submitted,

*s/ Michael D. Meuti*
MEEGAN B. BROOKS (CA 298570)
MICHAEL D. MEUTI (CA 227939)
Benesch, Friedlander, Coplan & Aronoff LLP

Attorneys for Defendants
Hismile, Inc. and Hismile Pty Ltd.

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................. i

I.     INTRODUCTION AND SUMMARY OF ARGUMENT ............................................. 1

II.    ISSUES PRESENTED.................................................................................................. 1

III.   FACTUAL BACKGROUND ...................................................................................... 2

IV.    APPLICABLE LEGAL STANDARD ........................................................................ 2

V.     ARGUMENT ............................................................................................................... 3

       A.    Plaintiffs lack standing to sue under other states' laws. ................................... 3

       B.    The Court lacks personal jurisdiction over claims by putative class members
             who bought goods outside of California. .......................................................... 4

       C.    A choice-of-law analysis shows that individual questions will predominate,
             rendering class proceedings neither superior nor manageable. ........................ 6

             1.    California law and due process preclude applying California law
                   nationwide. ............................................................................................ 6

             2.    The need to apply the laws of multiple states renders the putative class
                   unmanageable. ....................................................................................... 7

                   (a)    The different states' laws differ materially. .............................. 8

                          i.    Breach of Warranty (Count IV) ...................................... 8

                          ii.   Unjust Enrichment (Count V)........................................ 10

                   (b)    Other states' interests in having their laws applied to transactions
                          that took place within their borders outweigh California's
                          interest. ........................................................................................ 12

VI.    CONCLUSION.......................................................................................................... 13

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Abogados v. AT&T, Inc.*,
    223 F.3d 932 (9th Cir. 2000) ...........................................................................................12

*Abuelhawa v. Santa Clara Univ.*,
    529 F. Supp. 3d 1059 (N.D. Cal. 2021) ............................................................................11

*Andren v. Alere, Inc.*,
    No. 16CV1255-GPC(AGS), 2017 WL 6509550 (S.D. Cal. Dec. 20, 2017) .....................11

*In re Apple AT&T Antitrust Litig.*,
    596 F. Supp. 2d 1288 at 1309 (N.D. Cal. 2008) ................................................................4

*In re Aqua Dots Prods. Liab. Litig.*,
    654 F.3d 748 (7th Cir. 2011) ........................................................................................8, 12

*Augustine v. Talking Rain Beverage Co., Inc.*,
    386 F. Supp. 3d 1317 (S.D. Cal. 2019)...............................................................................8

*Bemis v. Est. of Bemis*,
    114 Nev. 1021, 967 P.2d 437 (1998) .................................................................................10

*Bias v. Wells Fargo & Co.*,
    312 F.R.D. 528 (N.D. Cal. 2015) ......................................................................................11

*Brazil v. Dell, Inc.*,
    585 F. Supp. 2d 1158 (N.D. Cal. 2008) ..............................................................................2

*Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cnty.*,
    582 U.S. 255 (2017)..........................................................................................................5, 6

*Brodsky v. Apple Inc.*,
    445 F. Supp. 3d 110 (N.D. Cal. 2020) ..............................................................................11

*Brown v. Starbucks Corp.*,
    No. 18CV2286 JM (WVG), 2019 WL 4183936 (S.D. Cal. Sept. 3, 2019) ........................8

*Carpenter v. PetSmart, Inc.*,
    441 F. Supp. 3d 1028 (S.D. Cal. 2020).....................................................................4, 6, 11

*In re Carrier IQ, Inc.*,
    78 F. Supp. 3d 1051 (N.D. Cal. 2015) ................................................................................4

*Castaneda v. Fila USA, Inc.*,
    No. 11-CV-1033-H (BGS), 2011 WL 7719013 (S.D. Cal. Aug. 10, 2011) ........................3

*Clay v. Am. Tobacco Co.*,
  188 F.R.D. 483 (S.D. Ill. 1999) ...........................................................................11

*Cole v. Gen. Motors Corp.*,
  484 F.3d 717 (5th Cir. 2007) ...............................................................................8

*Czuchaj v. Conair Corp.*,
  No. 13-CV-1901-BEN (RBB), 2016 WL 1240391 (S.D. Cal. Mar. 30, 2016) .....................9

*DaimlerChrysler Corp. v. Cuno*,
  547 U.S. 332 (2006).........................................................................................3, 4

*Darisse v. Nest Labs, Inc.*,
  No. 5:14-CV-01363-BLF, 2016 WL 4385849 (N.D. Cal. Aug. 15, 2016)..........................9

*In re Ditropan XL Antitrust Litig.*,
  529 F. Supp. 2d 1098 (N.D. Cal. 2007) ...................................................................4

*Fenwick v. Ranbaxy Pharms., Inc.*,
  353 F. Supp. 3d 315 (D.N.J. 2018) .........................................................................9

*First Nat. Bank of Dwight v. Regent Sports Corp.*,
  803 F.2d 1431 (7th Cir. 1986) ..........................................................................2, 10

*Georgine v. Amchem Prods., Inc.*,
  83 F.3d 610 (3d Cir. 1996), *aff'd sub nom. Amchem Prods., Inc. v. Windsor*, 521 U.S.
  591 (1997)........................................................................................................8

*Goldstein v. Gen. Motors LLC*,
  445 F. Supp. 3d 1000 (S.D. Cal. 2020)....................................................................2

*In re Graphics Processing Units Antitrust Lit.*,
  527 F. Supp. 2d 1011 at 1026 (N.D. Cal. 2007) ........................................................4

*Gray & Co. v. Firstenberg Mach. Co.*,
  913 F.2d 758 (9th Cir. 1990) ...............................................................................3

*Hernandez v. Burger*,
  102 Cal. App. 3d 795 (Ct. App. 1980)...................................................................12

*Hooked Media Grp., Inc. v. Apple Inc.*,
  55 Cal. App. 5th 323, 269 Cal. Rptr. 3d 406 (2020)..................................................11

*Hovsepian v. Apple, Inc.*,
  No. 08-5788 JF (PVT), 2009 WL 5069144 (N.D. Cal. Dec. 17, 2009)..............................3

*Johnson v. Nissan N. Am., Inc.*,
  272 F. Supp. 3d 1168 (N.D. Cal. 2017) ...................................................................7

*Kamm v. Cal. City Dev. Co.*,
    509 F.2d 205 (9th Cir. 1975) ................................................................................................3

*Kunzelmann v. Wells Fargo Bank, N.A.*,
    No. 9:11-CV-81373-DMM, 2013 WL 139913 (S.D. Fla. Jan. 10, 2013)............................12

*Lane v. Wells Fargo Bank, N.A.*,
    No. C 12-04026 WHA, 2013 WL 3187410 (N.D. Cal. Jun. 21, 2013) ...................................9

*Lejbm v. Transnat'l Foods, Inc.*,
    No. 17-CV-1317-CAB-MDD, 2018 WL 1258256 (S.D. Cal. Mar. 12, 2018)................2, 7

*Makeaff v. Trump Univ., LLC*,
    No. 3:10-CV-0940-CPC-WVG, 2014 WL 688164 (S.D. Cal. Feb. 21, 2014) ....................11

*Mattel, Inc. v. Greiner & Hausser GmbH*,
    354 F.3d 857 (9th Cir. 2003) ................................................................................................3

*Matus v. Premium Nutraceuticals, LLC*,
    715 F. App'x 662 (9th Cir. 2018) ......................................................................................3, 5

*Mazza v. Am. Honda Motor Co., Inc.*,
    666 F.3d 581 (9th Cir. 2012) *overruled by Olean Wholesale Grocery Coop., Inc. v.
    Bumble Bee Foods LLC*, 31 F.4th 651 (9th Cir.) ......................................................... *passim*

*Mocek v. Alfa Leisure, Inc.*,
    114 Cal. App. 4th 402 (2003) .............................................................................................10

*Mollicone v. Universal Handicraft, Inc.*,
    No. 216CV07322CASMRWX, 2017 WL 440257 (C.D. Cal. Jan. 30, 2017) .....................7

*Nacci v. Volkswagen of Am., Inc.*,
    325 A.2d 617 (Del. Super. Ct. 1974) ..................................................................................10

*Parrillo v. Giroux Co.*,
    426 A.2d 1313 (R.I. 1981) ...................................................................................................10

*Phillips Petroleum Co. v. Shutts*,
    472 U.S. 797 (1985)...............................................................................................................7

*Pilgrim v. Universal Health Card, LLC*,
    660 F.3d 943 (6th Cir. 2011) ................................................................................................8

*Powers v. Lycoming Engines*,
    272 F.R.D. 414 (E.D. Pa. 2011)............................................................................................9

*Ranza v. Nike, Inc.*,
    793 F.3d 1059 (9th Cir. 2015) ..............................................................................................5

*Reitman v. Champion Petfoods USA, Inc.*,
  No. CV181736DOCJPRX, 2018 WL 4945645 (C.D. Cal. Oct. 10, 2018)...........................................6

*Route v. Mead Johnson Nutrition Co.*,
  No. CV 12-7350-GW (JEMX), 2013 WL 658251 (C.D. Cal. Feb. 21, 2013)......................................3

*Russo v. APL Marine Servs., Ltd.*,
  135 F. Supp. 3d 1089 (C.D. Cal. 2015), *aff'd*, 694 F. App'x 585 (9th Cir. 2017) ..............................7

*In re Samsung Galaxy Smartphone Mktg. & Sales Practices Litig.*,
  No. 16-CV-06391-BLF, 2018 WL 1576457 (N.D. Cal. Mar. 30, 2018)..............................................6

*Sanders v. Apple, Inc.*,
  672 F. Supp. 2d 978 (N.D. Cal. 2009) ..........................................................................................2

*Schertzer v. Bank of Am., N.A.*,
  445 F. Supp. 3d 1058 (S.D. Cal. 2020).........................................................................................4

*ServiceMaster of St. Cloud v. GAB Bus. Servs., Inc.*,
  544 N.W.2d 302 (Minn. 1996).....................................................................................................12

*Settlemires v. Jones*,
  736 So. 2d 471 (Miss. Ct. App. 1999) ..........................................................................................10

*Sikes v. Teleline, Inc.*,
  281 F.3d 1350 (11th Cir. 2002) ....................................................................................................7

*Smith v. Whitener*,
  42 Ark. App. 225, 856 S.W.2d 328 (1993) (en banc) ..................................................................12

*Star–Shadow Prods., Inc. v. Super 8 Sync Sound Sys.*,
  730 A.2d 1081 (R.I. 1999)...........................................................................................................10

*Stubbs v. McDonald's Corp.*,
  224 F.R.D. 668 (D. Kan. 2004).....................................................................................................2

*Taison Commc'ns, Inc. v. Ubiquiti Networks, Inc.*,
  308 F.R.D. 630 (N.D. Cal. 2015)...................................................................................................9

*Thompson v. Bayer Corp.*,
  No. 4:07CV00017 JMM, 2009 WL 362982 (E.D. Ark. Feb. 12, 2009)..........................................12

*TK Power, Inc. v. Textron, Inc.*,
  433 F. Supp. 2d 1058 (N.D. Cal. 2006)..........................................................................................9

*Tracy v. Vinton Motors, Inc.*,
  130 Vt. 512, 296 A.2d 269 (1972) ...............................................................................................10

*Vinci v. Hyundai Motor Am.*,
  No. SACV170997DOCKESX, 2018 WL 6136828 (C.D. Cal. Apr. 10, 2018)..................................9

iv

*Walsh v. Ford Motor Co.*,
  130 F.R.D. 260 (D.D.C. 1990)...................................................................................................9

*Whittlestone, Inc. v. Handi-Craft Co.*,
  618 F.3d 970 (9th Cir. 2010) ................................................................................................3

*Wyeth, Inc. v. Blue Cross & Blue Shield of Alabama*,
  42 So. 3d 1216 (Ala. 2010)..................................................................................................12

*Zeiger v. WellPet LLC*,
  304 F. Supp. 3d 837 (N.D. Cal. 2018) ..................................................................................7

*Zuehlsdorf v. FCA US LLC*,
  No. EDCV 18-1877 JGB, 2019 WL 2098352 (C.D. Cal. Apr. 30, 2019) ...........................6

**Statutes**

La. Civ. Code Ann. art. 2534 ...................................................................................................10

Uniform Commercial Code.........................................................................................................9

**Other Authorities**

Fed. R. Civ. P. 12(b)(1).............................................................................................................2

Fed. R. Civ. P. 12(b)(2).............................................................................................................3

Fed. R. Civ. P. 12(b)(6).............................................................................................................3

Fed. R. Civ. P. 12(f).................................................................................................................3

Fed. R. Civ. P. 23 ....................................................................................................................3

Fed. R. Civ. P. 23(b)(3)............................................................................................................3

Fed. R. Civ. P. 23(c)(1)(A) .......................................................................................................3

Fed. R. Civ. P. 23(d)(1)(D).......................................................................................................3

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO STRIKE**
**Case No. 4:24-cv-03626-KAW**

1

## I.    INTRODUCTION AND SUMMARY OF ARGUMENT

2        HPL's concurrently filed motion to dismiss explains why the Court should dismiss outright

3  Plaintiffs Alexander Ledesma, Helen Tanaka, Larry Jones, and Christopher Deuel's First Amended

4  Complaint.  But, if any of Plaintiffs' claims proceed, the Court should hone Plaintiffs' overbroad class

5  definition.  As currently styled, Plaintiffs' FAC purports to embrace claims by absent customers in states

6  where Plaintiffs have never lived or shopped—an approach that offends both Article III standing and the

7  Due Process Clause's limits on personal jurisdiction.

8        Plaintiffs do not specify which state laws apply to their breach-of-warranty and unjust-enrichment

9  claims—the two causes of action for which they seek to represent a nationwide class.  Regardless of

10  whether Plaintiffs purport to bring claims under the laws of all 50 states, or apply California law

11  nationwide, their claims fail.  The Court should strike Plaintiffs' nationwide class claims, and any claims

12  arising under other states' laws, for several reasons.

13        ***First***, Plaintiffs lack Article III standing to bring claims under the laws of other states where no

14  party resides and where Plaintiffs do not claim to have been injured.

15        ***Second***, the Court lacks personal jurisdiction over claims from out-of-state shoppers against out-

16  of-state defendants who are in no way "at home" in California.  That, by itself, justifies striking Plaintiffs'

17  nationwide-class allegations.

18        ***Third***, Plaintiffs' overbroad claims doom any request for class certification.  California law cannot

19  apply to out-of-staters' breach-of-warranty and unjust-enrichment claims, and applying the law of all 50

20  states to those claims ensures that: (a) individual issues will predominate; and (b) class proceedings will

21  be unmanageable.  A 50-state survey confirms that significant variations in the various states' laws

22  preclude class certification here.

23        Because discovery cannot rectify these flaws, the Court should strike the nationwide-class

24  allegations now.

25  ## II.    ISSUES PRESENTED

26        A.     Do Plaintiffs have standing to bring claims under the laws of other states, where Plaintiffs

27  do not live and do not claim to have shopped?

28        B.     Does this Court have personal jurisdiction over claims by nonresident putative class

members who bought goods outside of California from a company not based in California?

C.      Will applying the laws of 50 states to out-of-state class members' common-law claims undermine the efficiencies that class proceedings are supposed to provide?

## III.    FACTUAL BACKGROUND

HPL is an Australian entity that owns and operates HI, its U.S. affiliate.  (Dkt. No. 12-3 (Caroll Decl.) at ¶ 3; FAC ¶¶ 16–17.)

Plaintiffs are all California citizens.  They allege that they purchased various items in California— Plaintiff Ledesma purchased two products from Hismile's website; Plaintiff Tanaka purchased a product from Hismile's website and another in-store from Walmart in Union City, California; Plaintiff Jones purchased one product in-store from Walmart in Chino Hills, California; and Plaintiff Deuel purchased one product on the Amazon.com website.  (Dkt. No. 18 (FAC) ¶¶ 11–14.)  Plaintiffs claim that advertising on the Hismile brand's social-media accounts and website are misleading and that Hismile products do not make teeth appear whiter, as advertised. (*Id.* ¶¶ 27; 67; 85–86.)

For their common-law claims, Plaintiffs seek to represent a putative nationwide class of consumers who "purchased the Products within the applicable statute of limitations" period.  (*Id.* ¶¶ 112, 151, 159, 175, 182.)  Plaintiffs also bring California statutory claims on behalf of a putative sub-class of California consumers.  (*Id.*)

## IV.    APPLICABLE LEGAL STANDARD

Defendants are empowered to "test the viability of a class at the earliest pleading stage of the litigation" via motions to strike.  *Stubbs v. McDonald's Corp.*, 224 F.R.D. 668, 674 (D. Kan. 2004) (collecting cases and granting motion to strike class allegations); *see also Sanders v. Apple, Inc.*, 672 F. Supp. 2d 978, 990–91 (N.D. Cal. 2009) (granting motion to strike warranty and fraud-based claims); *Brazil v. Dell, Inc.*, 585 F. Supp. 2d 1158, 1166–67 (N.D. Cal. 2008) (striking class allegations).

Hismile's motion to strike class allegations has several legal bases.

*First*, if the named Plaintiffs lack Article III standing to bring certain claims, including nationwide class claims, the Court may dismiss the overbroad claims under Rule 12(b)(1).  *Lejbm v. Transnat'l Foods, Inc.*, No. 17-CV-1317-CAB-MDD, 2018 WL 1258256, at *4 (S.D. Cal. Mar. 12, 2018); *see also Goldstein v. Gen. Motors LLC*, 445 F. Supp. 3d 1000, 1012–13 (S.D. Cal. 2020).

**Second**, courts may dismiss claims under Rule 12(b)(2) for lack of personal jurisdiction.  The party asserting jurisdiction (here, Plaintiffs) bears the burden of establishing it.  *Mattel, Inc. v. Greiner & Hausser GmbH*, 354 F.3d 857, 862 (9th Cir. 2003).  To do so, that party must show that both the forum state's long-arm statute and due process support jurisdiction. *Gray & Co. v. Firstenberg Mach. Co.*, 913 F.2d 758, 760 (9th Cir. 1990).  Here, those inquiries collapse because "California's long-arm statute is coextensive with federal due process." *Matus v. Premium Nutraceuticals, LLC*, 715 F. App'x 662 (9th Cir. 2018).

**Third**, Rule 12(f) allows courts to strike overbroad class claims.  *Route v. Mead Johnson Nutrition Co.*, No. CV 12-7350-GW JEMX, 2013 WL 658251, at *8 (C.D. Cal. Feb. 21, 2013) (granting motion to strike class allegations under Rule 12(f) at the pleading stage); *Castaneda v. Fila USA, Inc.*, No. 11-CV-1033- H (BGS), 2011 WL 7719013, at *1–2 (S.D. Cal. Aug. 10, 2011) (same); *Hovsepian v. Apple, Inc.*, No. 08-5788 JF (PVT), 2009 WL 5069144, at *6 (N.D. Cal. Dec. 17, 2009) (same).[1]

**Finally**, Rule 23 authorizes the Court to eliminate defective class allegations at the case's outset. *See* Fed. R. Civ. P. 23(c)(1)(A) (court should determine certification "at any early practicable time"); Fed. R. Civ. P. 23(d)(1)(D) (court may order that pleadings be amended to remove class allegations).  Courts also dismiss overbroad class claims at the pleadings stage under Rule 23(b)(3) if a class action is not "superior to other available methods for the fair and efficient adjudication of the controversy." *See, e.g., Kamm v. Cal. City Dev. Co.*, 509 F.2d 205, 212–13 (9th Cir. 1975) (affirming order striking allegations at the pleading stage).

## V.    ARGUMENT

### A.    Plaintiffs lack standing to sue under other states' laws.

Standing requires "personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342

---

[1] Although courts will also strike class allegations under Rule 12(b)(6), *see Whittlestone, Inc. v. Handi-Craft Co.,* 618 F.3d 970, 973 (9th Cir. 2010), Hismile does not bring this motion under that Rule. Moreover, courts in this Circuit confirm that simultaneously filing a motion to strike under Rule 12(f) and a motion to dismiss is procedurally proper.  *See Route*, 2013 WL 658251 (granting both a Motion to Dismiss under Rule 12(b)(6) and a Motion to Strike nationwide class allegations under Rule 12(f)); *Hovsepian*, 2009 WL 5069144, at *6 (same).

1   (2006).  Plaintiffs must separately demonstrate standing for each claim and for each form of relief sought.

2   *Id.* at 352 (citations omitted).  "California district courts frequently . . . dismiss claims asserted under the

3   laws of states in which no plaintiff resides or has [transacted]."  *Carpenter v. PetSmart, Inc.*, 441 F. Supp.

4   3d 1028, 1039 (S.D. Cal. 2020).[2]

5          Here, Plaintiffs, four California residents, lack standing to represent a class asserting claims under

6   the common law of all 50 states.  The Court's holding in *In re Carrier IQ, Inc.*, 78 F. Supp. 3d 1051, 1074

7   (N.D. Cal. 2015), is illustrative.  The plaintiffs pursued claims under 35 different states' laws.  Rather than

8   wait until class certification, this Court opted to address standing before class certification and concluded

9   that the named plaintiffs lacked standing.  *In re Carrier IQ, Inc.*, 78 F. Supp. 3d at 1074.  Indeed, "[t]he

10  number of consumers from 35 other states in which state law claims are asserted is vast relative to the

11  claims to which the named Plaintiffs have standing."  *Id.* (citing *Insulate SB, Inc. v. Advanced Finishing

12  Sys., Inc.*, No. CIV. 13-2664 ADM/SER, 2014 WL 943224 (D. Minn. Mar. 11, 2014) (refusing to allow

13  class certification where a single named plaintiff asserted claims arising under the laws of 22 states and

14  Puerto Rico).

15         To the extent Plaintiffs purport to bring claims as to the laws of other states, their claims must be

16  dismissed for lack of standing.

17     **B.    The Court lacks personal jurisdiction over claims by putative class members who**

18            **bought goods outside of California.**

19         Plaintiffs' nationwide class claims ask the Court to exercise personal jurisdiction over out-of-state

20  plaintiffs whose claims have no ties to California.  The Court lacks personal jurisdiction over those claims

21  and should therefore strike the nationwide class allegations.

22  //

23

24  [2] *See also Schertzer v. Bank of Am., N.A.*, 445 F. Supp. 3d 1058, 1073 (S.D. Cal. 2020); *Morales v. Unilever
    U.S., Inc.*, No. CIV. 2:13-2213 WBS E, 2014 WL 1389613, at *4-5 (E.D. Cal. Apr. 9, 2014) (named

25  plaintiffs did not purchase products in any states other than their own and, thus, did "not have standing to
    assert a claim under the consumer protection laws of the other states") (quoting *Pardini v. Unilever United

26  States, Inc.*, 961 F. Supp. 2d 1048, 1061 (N.D. Cal. 2013)); *In re Ditropan XL Antitrust Litig.*, 529 F.
    Supp. 2d 1098 (N.D. Cal. 2007) (same)); *In re Apple AT&T Antitrust Litig.*, 596 F. Supp. 2d 1288 at 1309

27  (N.D. Cal. 2008); *see also In re Graphics Processing Units Antitrust Litig.*, 527 F. Supp. 2d 1011 at 1026

28  (N.D. Cal. 2007) (same)).

The personal-jurisdiction question here is narrow. Hismile does not challenge the Court's jurisdiction over Plaintiffs' individual claims or their claims on behalf of a California class. Instead, the question is whether the Court has specific personal jurisdiction over out-of-state purchasers' claims.

The Court lacks general personal jurisdiction, because neither Defendant is "at home" here. *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1069–70 (9th Cir. 2015). HPL is an Australian entity that is at home nowhere in the United States. (Dkt. No. 12-1 (Carroll Decl.) at ¶ 5.) HI, HPL's U.S. affiliate, is at home in Delaware, where it is incorporated. (FAC ¶¶ 16.) Neither entity has a California "home." (*Id*. ¶¶ 16–17.)

The Court also lacks specific personal jurisdiction over out-of-state class members' claims. Specific personal jurisdiction requires an "affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State." *Bristol-Myers Squibb Co. v. Superior Court of Cal., San Francisco Cnty.*, 582 U.S. 255, 262 (2017) (internal citations omitted). Thus, courts lack specific jurisdiction when (as here) the plaintiff, the defendant, and the related conduct are all out-of-state. *Id.* at 267. And crucially, *each* plaintiff's claim must arise from the defendant's forum-related activities. *Id.* That is simply not the case for the members of Plaintiffs' putative nationwide class: non-Californians who purchased products outside of California from an out-of-state retailer.

*Matus v. Premium Nutraceuticals* is instructive. There, the court held that federal courts in California lack specific jurisdiction over a California consumer's nationwide false-advertising claims based on a Georgia-based defendant's website. *Matus*, 715 F. App'x at 663. Because the defendant published the at-issue advertising nationwide from Georgia, the advertisements were neither purposefully directed toward California nor arising out of the company's California-related activities. *Id.* The same is true here—this case concerns the Hismile brand's social-media account (which operates worldwide) and U.S. website (which operates nationwide). Thus, for out-of-state plaintiffs, the connection to California required to support specific personal jurisdiction simply does not exist. *Bristol-Myers Squibb*, 582 U.S. 255 (2017) (no specific jurisdiction over claims of nonresident plaintiffs against nonresident defendant). Were the rule otherwise, "every online advertiser worldwide [could] be haled into California" to face suit. *Matus*, 715 F. App'x at 663.

This rule applies to nationwide class actions, as *Carpenter*, 441 F. Supp. 3d 1028, recognized. Addressing a putative nationwide class action pursuing common-law claims, the court recognized that the

specific-jurisdiction question "is 'defendant-focused,' with an emphasis 'on the relationship among the defendant, the forum, and the litigation.'" *Id.* at 1031, 1035 (quoting *Matus*, 715 App'x at 662). Because the claims centered on purchases outside of California by non-California residents from a non-California company, the court recognized that the attenuated relationship among the defendant, the forum, and the claims did not support specific jurisdiction. *Id.* at 1036.[3] Likewise, because HI is not subject to general jurisdiction in California or specific jurisdiction with respect to non-California putative class members, the Court should strike the allegations regarding a nationwide class from the FAC.

**C.    A choice-of-law analysis shows that individual questions will predominate, rendering class proceedings neither superior nor manageable.**

California law cannot apply to the putative class members' claims, and applying the laws of all 50 states would be so unwieldy that it would sacrifice the benefits of class proceedings. Plaintiffs' non-California nationwide-class allegations must be stricken.

**1.    *California law and due process preclude applying California law nationwide.***

California law cannot govern out-of-state class members' unjust-enrichment and breach-of-warranty claims because those people and Hismile have no connection to the state. The proponent of a class action bears the initial burden to show that the forum state has "significant contact or significant aggregation of contacts" to the claims of each class member. *Mazza v. Am. Honda Motor Co., Inc.,* 666 F.3d 581, 589 (9th Cir. 2012) *overruled on other grounds by Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651, 662 (9th Cir.).

*Mazza* shows as much. There, the Ninth Circuit concluded that the district court abused its discretion by certifying a nationwide class pursuing claims under California's consumer-protection laws and for unjust enrichment. Even though Honda's principal place of business was in California, and even

---

[3] True, some cases have held otherwise. *Id.* at 1034–35. But as *Carpenter* explains, the better-reasoned approach is to apply *Bristol-Myers Squibb* to nationwide class actions centered on out-of-state conduct. *Id.* at 1035–36; *Zuehlsdorf v. FCA US LLC*, No. EDCV 18-1877 JGB (KKX), 2019 WL 2098352, at *14–15 (C.D. Cal. Apr. 30, 2019) (applying *Bristol-Myers Squibb* to nationwide class claims); *see also Reitman v. Champion Petfoods USA, Inc*., No. CV181736DOCJPRX, 2018 WL 4945645, at *6 (C.D. Cal. Oct. 10, 2018) (no personal jurisdiction over out-of-state plaintiffs seeking to represent state-specific subclasses); *In re Samsung Galaxy Smartphone Mktg. & Sales Practices Litig.*, No. 16-CV-06391-BLF, 2018 WL 1576457, at *2 (N.D. Cal. Mar. 30, 2018) (same).

1  though Honda conceived the at-issue marketing plan in California, the Ninth Circuit concluded that

2  California law could not apply nationwide. 666 F.3d at 590. The Court explained that other states "have

3  a strong interest in [applying] their laws to transactions between their citizens and corporations doing

4  business within their state," while "California's interest in applying its law to residents of foreign states is

5  attenuated." *Id.* at 594.[4]

6      Moreover, due process mandates that California law cannot be applied where California lacks a

7  sufficient aggregation of contacts that would make the application of California law arbitrary or unfair.

8  *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 816 (1985); *see also Russo v. APL Marine Servs., Ltd*.,

9  135 F. Supp. 3d 1089, 1096 (C.D. Cal. 2015), *aff'd*, 694 F. App'x 585 (9th Cir. 2017). Here, California's

10 lack of contacts with Hismile and nonresident class members indicates that California law cannot supply

11 a uniform rule of decision for a national class.

12      **2.    *The need to apply the laws of multiple states renders the putative class***

13           ***unmanageable.***

14      If Plaintiffs' nationwide common-law claims were to proceed, the Court would have to apply the

15 laws of all 50 states. Time and again, courts have held that such 50-state inquiries doom class certification,

16 because they render class proceedings unmanageable. The Ninth Circuit came to this conclusion in *Sikes*

17 *v. Teleline, Inc.,* 281 F.3d 1350, 1367 n.44 (11th Cir. 2002), finding that needing to apply all 50 states'

18 laws would, by itself, render the class unmanageable. *See Mazza,* 666 F.3d at 589–96 (vacating class

19 certification where applying multiple jurisdictions' laws would "overwhelm common issues and preclude

20 predominance"); *see also Pilgrim v. Universal Health Card, LLC*, 660 F.3d 943, 946–49 (6th Cir. 2011)

21

---

22 [4] While *Mazza* involved a class-certification order, courts have granted motions to dismiss or strike
   "nationwide" claims based on its analysis. *See, e.g.*, *Zeiger v. WellPet LLC*, 304 F. Supp. 3d 837, 847
23 (N.D. Cal. 2018) (holding that "*Mazza* is not only relevant but controlling, even at the pleading stage";
   dismissing "nationwide" claims); *Lejbm*, 2018 WL 1258256, at *5 (granting motion to dismiss nationwide
24 claims under *Mazza* because "noticeably absent from the pleading is any evidence that the out-of-state
   purchases were directed from California or had anything to do with California, such that California law
25 might apply to those claims"). Courts have also held that a named plaintiff from one state lacks standing
   to assert claims on behalf of consumers from another. *See, e.g.*, *Johnson v. Nissan N. Am., Inc.*, 272 F.
26 Supp. 3d 1168, 1174–76 (N.D. Cal. 2017) (citing cases); *Mollicone v. Universal Handicraft, Inc.*, No.
   216CV07322CASMRWX,, 2017 WL 440257, at *9–10 (C.D. Cal. Jan. 30, 2017) (same; finding "the
27 majority of courts to consider this question" have so held); *Morales*, 2014 WL 1389613, at *5–6 (same
   holding).
28

---

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO STRIKE**
**Case No. 4:24-cv-03626-KAW**

1   (collecting cases); *Cole v. Gen. Motors Corp.*, 484 F.3d 717, 724 (5th Cir. 2007); *Georgine v. Amchem*

2   *Prods., Inc.*, 83 F.3d 610, 627 (3d Cir. 1996), *aff'd sub nom. Amchem Prods., Inc. v. Windsor*, 521 U.S.

3   591 (1997); *In re Aqua Dots Prods. Liab. Litig.*, 654 F.3d 748, 752–53 (7th Cir. 2011); *Brown v. Starbucks*

4   *Corp.*, No. 18CV2286 JM (WVG),, 2019 WL 4183936, at *7–8 (S.D. Cal. Sept. 3, 2019) ("Neither [the

5   defendant] nor the court can determine whether [the plaintiff] alleges California law applies to the claims

6   of out-of-state putative class members, or if she alleges the laws of various unidentified states apply to

7   these putative class members' claims."); *Augustine v. Talking Rain Beverage Co., Inc.,* 386 F. Supp. 3d

8   1317, 1333 (S.D. Cal. 2019) ("Plaintiffs' failure to identify which state laws govern their common law

9   claims means the claims brought on behalf of the nationwide class have not been adequately pled").

10        The Ninth Circuit applies a three-part test to determine whether choice-of-law principles require

11   applying multiple states laws: (1) do the laws of other states "materially differ" from California law?;

12   (2) if so, a trial court must determine each state's respective interest in application of its laws; and (3) if

13   the laws materially differ and both states have an interest in the litigation, apply the law of the state whose

14   interest would be "more impaired" if its law were not applied.  *Mazza,* 666 F.3d at 590–91 (variances in

15   state consumer-protection and unjust-enrichment laws "overwhelm[ed] common issues and preclude the

16   predominance for a single nationwide class").

17             **(a)**       **<u>The different states' laws differ materially.</u>**

18        Here, Plaintiffs purport to bring both breach-of-warranty and unjust-enrichment claims on behalf

19   of a putative nationwide class.  (FAC ¶¶ 175, 182.)  Numerous courts have stricken nationwide breach-

20   of-warranty and unjust-enrichment claims at the pleadings stage, recognizing that serious conflicts exist

21   among the 50 states' laws.  These differences are discussed below and are more comprehensively outlined,

22   for the Court's convenience, in the 50-state survey charts attached as Exhibits 1 (50-state survey; breach

23   of express warranty), 2 (same, breach of implied warranty), and 3 (same, unjust enrichment).

24             ***i.***       ***Breach of Warranty (Count IV)***

25        Plaintiffs' breach-of-warranty claim (Count IV) alleges breaches of both an express warranty and

26   the implied warranty of merchantability.  (FAC ¶¶ 176–178.)  As Plaintiffs allege that they bought goods,

27   the Uniform Commercial Code governs these claims.  *TK Power, Inc. v. Textron, Inc.*, 433 F. Supp. 2d

28   1058, 1061 (N.D. Cal. 2006) (the UCC applies to transactions in goods)  (citing Cal. Com. Code § 2102).

Courts have repeatedly held that despite its moniker, the different states' versions of the UCC are "uniform" in neither terms nor application; instead, material differences exist among states' laws. *See, e.g.*, *Taison Commc'ns, Inc. v. Ubiquiti Networks, Inc.,* 308 F.R.D. 630, 638 (N.D. Cal. 2015) (state express-warranty law does not uniformly apply across an entire class); *Lane v. Wells Fargo Bank, N.A.,* No. C 12-04026 WHA,, 2013 WL 3187410, at *4 (N.D. Cal. Jun. 21, 2013). In *Lane*, the Court noted that "significant differences in state law raised by defendant, including whether the standard for good faith is subjective or objective and whether and to what extent the implied covenant constrains discretion expressly granted to one party by the contractual terms" exist. *Id*. The Court concluded that "…[a]djudicating plaintiffs' claim for breach of contract [claims]…would require applying a multitude of different state standards." *Id*. Therefore, it denied nationwide certification of plaintiffs' breach of contract claims.[5]

While most states impose a four-year statute of limitations, which begins on the date of sale, six states have other rules: five years (IA, OK), six years (MS, SC, WI); *see also* La. Civ. Code Ann. art. 2534 (four years or one year from date of discovery, whichever occurs first). Further, some states employ the discovery-of-defect rule, which tolls the statute for limitations. *See, e.g.*, *Bemis v. Est. of Bemis*, 114 Nev.

---

[5] *See also, e.g. Vinci v. Hyundai Motor Am*., No. SACV170997DOCKESX,, 2018 WL 6136828, at *8 (C.D. Cal. Apr. 10, 2018) ("there are material differences between California warranty law and all the other states' warranty laws, as to various elements including privity, reliance, notice, etc.") (citing cases); *Darisse v. Nest Labs, Inc*., No. 5:14-CV-01363-BLF, 2016 WL 4385849, at *12-13 (N.D. Cal. Aug. 15, 2016) (noting "significant differences regarding privity, notice, the availability of class actions and the definition of merchantability … These differences in the law are material"); *Czuchaj v. Conair Corp*., No. 13-CV-1901-BEN (RBB), 2016 WL 1240391, at *3 (S.D. Cal. Mar. 30, 2016) (discussing the "many differences in the states' implied warranty laws"); *Walsh v. Ford Motor Co*., 130 F.R.D. 260, 271-73 (D.D.C. 1990) ("numerous variations exist among states' laws concerning the scope and application of implied warranty claims ... state law also varies on related issues such as vertical privity requirements, contractual limitations of implied warranties, limitations on plaintiffs' remedies and affirmative defenses available to the defendant."); *Powers v. Lycoming Engines*, 272 F.R.D. 414, 420, 428-430 (E.D. Pa. 2011) ("This sampling of states' laws reveals the multiple differences affecting the applicability of the implied warranty of merchantability, the varying requirements for valid disclaimers and the limitation of damages… [B]ecause we cannot group the differing laws to apply them as a unit, a single nationwide class action would be unmanageable."); *Fenwick v. Ranbaxy Pharms., Inc*., 353 F. Supp. 3d 315, 330 (D.N.J. 2018) ("Plaintiffs have not explained how these variations in state law for express and implied contract claims are not 'insuperable obstacles to class certification.'") (citing *Payne v. FujiFilm U.S.A.,* Inc., No. CIV. A. 07-385 GEB, 2010 WL 2342388, at *9 (D.N.J. May 28, 2010, which noted at least nine differences that occur between states).

1021, 1024, 967 P.2d 437, 440 (1998) ("the statutory period of limitations is tolled until the injured party

discovers or reasonably should have discovered facts supporting a cause of action.")

Other differences include the nature of an implied-warranty claim under the relevant state's law—

i.e., whether the remedy lies in tort or contract;[6] whether the relevant state allows waiver of the implied

warranty, and whether such waiver occurred.[7]

Different states also define merchantability differently.  In California, a breach of the implied

warranty of merchantability means "the product did not possess even the most basic degree of fitness for

ordinary use." *Mocek v. Alfa Leisure, Inc*., 114 Cal. App. 4th 402, 406 (2003) (citing Cal. U. Com. Code

§ 2314(2)).  Delaware asks whether "the design has created a risk of harm which is so probable that an

ordinarily prudent person, acting as a manufacturer, would pursue a different available design which

would substantially lessen the probability of harm." *Nacci v. Volkswagen of Am., Inc*., 325 A.2d 617, 620

(Del. Super. Ct. 1974).  And in Vermont, the implied warranty of merchantability "is primarily directed

at the operative essentials of a product." *Tracy v. Vinton Motors, Inc*., 130 Vt. 512, 296 A.2d 269, 272

(1972).

Yet, even when claims under one state are similar to claims under another state, the similarities of

these common-law issues are largely irrelevant to standing.  In other words, another state's law might be

similar, but that similarity does confer standing for Plaintiffs in one state to sue under the other state's

law.  *See Carpenter*, 441 F. Supp. 3d at 1040 n.4.

### ii.    *Unjust Enrichment (Count V)*

Allowing Plaintiffs' unjust-enrichment claim to proceed on a nationwide-class basis would be just

as unmanageable.  The 50 states' unjust-enrichment doctrines conflict significantly, including differences

in the requisite elements and in whether unjust enrichment is a freestanding claim or merely a remedy.

Courts have recognized as much repeatedly.  *See e.g.*, *Makeaff v. Trump Univ., LLC*, No. 3:10-CV-0940-

---

[6] *Compare Parrillo v. Giroux Co*., 426 A.2d 1313, 1317 (R.I. 1981) (contract remedy), *with First Nat. Bank of Dwight v. Regent Sports Corp*., 803 F.2d 1431, 1438 (7th Cir. 1986) (applying Illinois law) (tort remedy).

[7] *Compare Settlemires v. Jones*, 736 So. 2d 471 (Miss. Ct. App. 1999) (no waivers of implied warranty), *with Star–Shadow Prods., Inc. v. Super 8 Sync Sound Sys*., 730 A.2d 1081 (R.I. 1999) (waiver allowed even if phrase "implied warranty" not included in general waiver).

CPC-WVG, 2014 WL 688164, at *18 (S.D. Cal. Feb. 21, 2014) ("[A]s to the unjust enrichment claims, the common law in the various states is conflicting and would make trial unmanageable … [as they would] require the Court to decide the applicable state law on unjust enrichment claims in fifty states."); *Andren v. Alere, Inc.*, No. 16CV1255-GPC(AGS), 2017 WL 6509550, at *17 (S.D. Cal. Dec. 20, 2017) (denying certification of nationwide unjust-enrichment claims based, in part, on variations in the laws of the various interested states); *Bias v. Wells Fargo & Co.*, 312 F.R.D. 528, 540 (N.D. Cal. 2015) (declining to certify a nationwide unjust-enrichment class due to material variations in state laws).

As the court elaborated in *Clay v. American Tobacco Co.*, 188 F.R.D. 483, 501 (S.D. Ill. 1999), the actual definition of "unjust enrichment" varies from state to state. Some states do not specify the misconduct necessary to proceed, while others require that the alleged misconduct include dishonesty or fraud. *Id.* Material disparities also include:

- **Standalone claim:** Unjust enrichment is a standalone equitable claim in some states, and a remedy in others. *See*, *e.g.*, *Abuelhawa v. Santa Clara Univ.*, 529 F. Supp. 3d 1059, 1070 (N.D. Cal. 2021) ("California does not recognize a separate cause of action for unjust enrichment") (collecting California and federal cases)); *Hooked Media Grp., Inc. v. Apple Inc.*, 55 Cal. App. 5th 323, 336, 269 Cal. Rptr. 3d 406 (2020), *publication ordered* (Sept. 30, 2020); *see also Brodsky v. Apple Inc.*, 445 F. Supp. 3d 110, 132–133 (N.D. Cal. 2020). As a result, "courts have consistently dismissed stand-alone claims for unjust enrichment." *Brodsky*, 445 F. Supp. 3d at 132. This Court should do the same.

- **Benefit of the bargain:** Twenty states and the District of Columbia do not allow claims for unjust enrichment where the plaintiff has received the benefit of the bargain. *See* Ex. 2; *Andren*, 2017 WL 6509550, at *17.

- **Lack of adequate remedy:** Eleven states (AZ, HI, LA, MA, MN, NY, NC, ND, UT, TN, and PA) require plaintiffs to demonstrate that they lack an adequate remedy at law.

- **Defendant's knowledge of the benefit received:** Ten states (FL, KS, ME, MD, NV, NM, OH, UT, WA, and WI) require plaintiffs to establish that the defendant appreciates or has knowledge of the benefit conferred.

- **Degree of wrongful conduct required:** States also vary in the degree of wrongful conduct required for liability.  For example, Arkansas does not require any bad faith or wrongful conduct; Alabama, by contrast, requires the defendant to have engaged in unconscionable conduct. *Compare Smith v. Whitener*, 42 Ark. App. 225, 856 S.W.2d 328, 329-30 (1993) (en banc) *with Wyeth, Inc. v. Blue Cross & Blue Shield of Ala.,* 42 So. 3d 1216, 1225 (Ala. 2010) (noting that Alabama courts require defendants to have engaged in unconscionable conduct for a claim of unjust enrichment).  In Minnesota, "it must be shown that a party was unjustly enriched in the sense that the term 'unjustly' could mean illegally or unlawfully." *ServiceMaster of St. Cloud v. GAB Bus. Servs., Inc.*, 544 N.W.2d 302, 306 (Minn. 1996).

Considering these material differences, courts regularly reject attempts to bring nationwide unjust-enrichment claims.  *See, e.g.*, *Mazza*, 666 F.3d at 591; *In re Aqua Dots Prods Liab.  Litig.,* 270 F.R.D. at 386 (the law of unjust enrichment "varies too much" from state to state and poses "insurmountable choice-of-law problems"); *Thompson*, 250 F.R.D. at 626–27 (because of variations between state unjust-enrichment laws, "federal courts have generally refused to certify a nationwide class based upon a theory of unjust enrichment); *Thompson v. Bayer Corp.*, No. 4:07CV00017 JMM, 2009 WL 362982, at *4 (E.D. Ark. Feb. 12, 2009) (same); *Kunzelmann v. Wells Fargo Bank, N.A.*, No. 9:11-CV-81373-DMM, 2013 WL 139913, at *10 (S.D. Fla. Jan. 10, 2013) (same).  The Court should do the same here.

### (b) <u>Other states' interests in having their laws applied to transactions that took place within their borders outweigh California's interest.</u>

Here, as in *Mazza*, each foreign state has an overriding interest in applying its laws to transactions within its borders.  *Mazza*, 666 F.3d at 593; *Hernandez v. Burger*, 102 Cal. App. 3d 795, 802 (Ct. App. 1980) ("[W]ith respect to regulating or affecting conduct within its borders, the place of the wrong has the predominate interest.") (cited with approval by *Abogados v. AT&T, Inc*., 223 F.3d 932, 935 (9th Cir. 2000)).  As the *Mazza* court explained, if California law were applied to the entire class, foreign states would be "impaired in their ability to calibrate liability to foster commerce."  666 F.3d at 593.  To hold Hismile to any other standard would deprive the states of their interests in this matter.

Thus, because the laws of the states vary and because each state has an overriding interest in applying its laws to transactions within its borders, the laws of multiple states would apply to this action

1 and, thus, render the class unmanageable.

2 **VI.**    **CONCLUSION**

3      For the foregoing reasons, Hismile respectfully requests that the Court grant its motion and strike

4 all allegations and claims in which Plaintiffs seeks to represent a nationwide class, and strike all requests

5 for injunctive relief.

6

7   Dated:  December 16, 2024                   Respectfully submitted,

8

9                                   *s/ Michael D. Meuti*

10                                   MEEGAN B. BROOKS (CA 298570)
MICHAEL D. MEUTI (CA 227939)

11                                   Benesch, Friedlander, Coplan & Aronoff LLP

12                                   Attorneys for Defendants
Hismile, Inc. and Hismile Pty Ltd.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO STRIKE**
**Case No. 4:24-cv-03626-KAW**